BETANCOURT, VAN HEMMEN, GRECO & KENYON LLC
Attorneys for Plaintiff
46 Trinity Place
New York, New York 10006
212-297-0050
Todd P. Kenyon (TK 7654)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       :
DORADO TANKERS POOL, INC.                              :
                                                       :         Civ.
           Plaintiff,                                  :
                                                       :         **VERIFIED COMPLAINT**
       -against-                                       :
                                                       :
PROJECTOR SA                                           :
                                                       :
           Defendant.                                  :
                                                       :
-------------------------------------------------------X

Plaintiff, Dorado Tankers Pool Inc. ("Dorado Tankers"), by and through its attorneys, Betancourt, Van Hemmen, Greco & Kenyon LLC, for its Verified Complaint against Defendant, alleges upon information and belief as follows:

1. Plaintiff Dorado Tankers is a foreign corporation incorporated in the Marshall Islands.

2. Upon information and belief, Defendant Projector SA ("Projector") is a foreign corporation with a place of business at Singapore.

3. This Verified Complaint alleges an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Court has admiralty jurisdiction over such claim pursuant to 28 U.S.C. § 1333.

4. This action is further brought pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims.

### FIRST CAUSE OF ACTION - SAMARIA CHARTER PARTY

5. At all relevant times, Dorado Tankers was the disponent owner of the ocean-going vessel MV SAMARIA ("SAMARIA").

6. Pursuant to a Voyage Charter Party dated May 11, 2007, Dorado Tankers chartered the SAMARIA to Projector as charterer for a voyage from Europe to West Africa to carry a cargo of gasoline.

7. Projector was obligated under the Charter to pay demurrage at the rate of $27,000 per day pro rata.

8. Pursuant to the Charter, the SAMARIA duly carried the cargo to Lagos, Nigeria.

9. Dorado Tankers has fully performed its obligations under the Charter.

10. Dorado Tankers has issued demurrage invoices to Projector totaling $1,194,510, which are due and payable under the Charter.

11. Despite due demand, Projector has breached its obligations by failing to pay the demurrage due to Dorado Tankers.

12. As a result of this breach, Dorado Tankers has suffered principal damages in the amount of $1,194,510, exclusive of interest, attorneys fees and costs.

13. The Charter provides for application of English Law and for proceedings in the English High Court, which proceedings Dorado Tankers intends to pursue.

14. The prevailing party under English Law is generally awarded interest, attorneys fees and costs.

15. Dorado Tankers expects to claim the following estimated amount in the English High Court: (a.) Principal amount: $1,194,510; (b.) three years interest at 6% per annum: $228,169; (c.) Attorneys' fees and costs: $300,000, for a total claim of $1,722,679.

16. Projector cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, but on information and belief, Projector has, or will have during the pendency of this action, property within the District, including funds or credits being held by, or being transferred through, one or more garnishee banks or financial institutions within the District.

SECOND CAUSE OF ACTION - KRITI RIVER CHARTER PARTY

17. Dorado Tankers repeats and realleges paragraphs 1 through 16 above as if full set forth herein.

18. At all relevant times, Dorado Tankers was the disponent owner of the ocean-going vessel MV KRITI RIVER ("KRITI RIVER").

19. Pursuant to a Voyage Charter Party dated July 9, 2007, Dorado Tankers chartered the KRITI RIVER to Projector as charterer for a voyage from Egypt to Nigeria to carry a cargo of jet fuel.

20. Projector was obligated under the Charter to pay demurrage at the rate of $24,000 per day pro rata.

21. Pursuant to the Charter, the KRITI RIVER duly carried the cargo to Lagos, Nigeria.

22. Dorado Tankers has fully performed its obligations under the Charter.

23. Dorado Tankers has issued its demurrage invoice to Projector in the amount of $300,331.66, which is due and payable under the Charter.

24. Despite due demand, Projector has breached its obligations by failing to pay the demurrage due to Dorado Tankers.

25. As a result of this breach, Dorado Tankers has suffered principal damages in the amount of $300,331.66, exclusive of interest, attorneys fees and costs.

26. The Charter provides for application of English Law and for proceedings in the English High Court, which proceedings Dorado Tankers intends to pursue.

27. The prevailing party under English Law is generally awarded interest, attorneys fees and costs.

28. Dorado Tankers expects to claim the following estimated amount in the English High Court: (a.) Principal amount: $300,331.66; (b.) three years interest at 6% per annum: $57,367; (c.) Attorneys' fees and costs: (as per paragraph 15 above), for a total claim of $357,698.

29. Projector cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, but on information and belief, Projector has, or will have during the pendency of this action, property within the District, including funds or credits being held by, or being transferred through, one or more garnishee banks or financial institutions within the District.

WHEREFORE, Plaintiff prays:

A. That process in due form of law in accordance with Rule B of the Supplemental Rules for Admiralty and Maritime Claims and in the form of a Process of Maritime Attachment be issued and levied against all property of Projector within the District, including all funds being held by, or being transferred through, one or more garnishee banks or financial institutions within the District, up to the total amount claimed in this Verified Complaint of $2,080,377; and

B. That process in due form of law issue against Projector, citing it to appear and answer under oath the matters alleged in this Verified Complaint, and that judgment in favor of Dorado Tankers be entered against Projector in the amount of $2,080,377 in case of default; and

C. That this Court retain jurisdiction pending the outcome of proceedings in the English High Court so that any judgment in that Court may be recognized and confirmed as a Judgment of this Court and any such Judgment may be satisfied by the funds attached herein; and

D. That this Court grant Dorado Tankers such other, further and different relief as is deemed just and proper.

Dated: June 5, 2008

                                        BETANCOURT, VAN HEMMEN, GRECO & KENYON LLC
                                        Attorneys for Plaintiff

                                        By _____
                                        Todd P. Kenyon (TK 7654)
                                        Attorneys for Plaintiff
                                        46 Trinity Place
                                        New York, New York 10006
                                        212-297-0050

## ATTORNEY VERIFICATION

I, TODD P. KENYON, hereby declare under penalty of perjury as follows:

I am a member of the firm Betancourt, Van Hemmen, Greco & Kenyon LLC, attorneys for Plaintiff herein. I have read the foregoing Verified Complaint, and know the

6

contents thereof, and the same are true and correct to the best of my knowledge, information and belief. I have reviewed documentation concerning this matter provided by Plaintiff and have corresponded with them on the information provided. I am authorized by Plaintiff to make this verification. I am making this verification since there is no officer or director of Plaintiff is within the District to execute same. Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on June 5, 2008.

_____
Todd P. Kenyon